UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. STEINHARDT, an individual, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, et al.,<br><br>Defendants. | Case No.:  3:23-cv-01737-L-KSC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER GRANTING MOTIONS TO DISMISS**<br><br>**[ECF No. 34]** |

Pending before the Court is Plaintiff Barry S. Steinhardt's ("Plaintiff") motion to set aside judgement as void under Federal Rule of Civil Procedure 60(b)(4), or alternatively, for excusable neglect under Federal Rule of Civil Procedure 60(b)(1).[1] (ECF. No. 34.)  Defendants collectively opposed the motion, and Plaintiff filed a reply. (ECF Nos. 40, 42.)  For the following reasons, Plaintiff's motion is DENIED. / / / / /

---

[1]    Further reference to "Rule" or "Rules" is to Federal Rules of Civil Procedure.

1

## I.    Background

2      This putative class action alleging negligent misrepresentation, unfair competition,
3  and breach of the implied duty of good faith and fair dealing was filed in the Los Angeles
4  County Superior Court.  On May 25, 2023, Defendants removed it to the United States
5  District Court for the Central District of California ("Central District") based on minimal
6  diversity under 28 U.S.C. § 1332(d).

7      On June 30 and July 14, 2023, Defendants all moved to dismiss.  (ECF Nos. 10,
8  15.)  On July 14, 2023, two of the Defendants also moved to transfer venue to this
9  District.  (ECF No. 16.)  On September 1, 2023, Plaintiff opposed the motion to transfer.
10  (ECF No. 26.)  The motion was granted on September 19, 2023.  (ECF No. 29.)  On
11  September 20, 2023, the case was transferred to this District and assigned to this Court.
12  (ECF Nos. 30, 31.)

13      As of the time of transfer, Plaintiff had not filed his opposition to Defendants'
14  motions to dismiss as several stipulations extended the deadline.  The final extension,
15  granted on August 3, 2023, set the hearing on the motions to dismiss for October 13,
16  2023, which made the opposition to the motions due on September 22, 2023, *see* C.D.
17  Cal. Civ. L.R. 7-9.  (ECF No. 22.)  However, these dates passed without any activity on
18  Plaintiff's or Defendants' part.

19      On November 9, 2023, this Court issued an order to show cause why Defendants'
20  motions to dismiss should not be granted as unopposed.  (ECF No. 32)  Plaintiff was
21  ordered to respond no later than November 14, 2023, and was warned that a failure to
22  timely respond may be deemed a waiver of opposition and consent to dismissal. (*Id.*)
23  Plaintiff did not oppose the motions to dismiss or timely respond to the order to show
24  cause.  The Court therefore granted Defendants' motions as unopposed.  (ECF No. 33.)
25  *See* Civ. Loc. Rule 7.1.f.3.c; *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).  All
26  claims were dismissed without prejudice.  Pending before the Court is Plaintiff's motion
27  to set aside dismissal.

28  / / / / /

## II.    Discussion

Plaintiff moves to set aside dismissal pursuant to Rule 60(b).  He argues that dismissal should be set aside under Rule 60(b)(4) because he was deprived of his due process right to be heard.  Alternatively, Plaintiff seeks relief based on "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1).

### A.    Rule 60(b)(4)

Rule 60(b)(4) allows relief from a final judgment when "the judgment is void." Rule 60(b)(4) relief is "applie[d] only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).[2]  Due process requires notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950); *see also Jones v. Flowers*, 547 U.S. 220, 225 (2006).

Plaintiff's attorney Paul T. Cullen states that he intended to file an amended complaint in lieu of opposing motions to dismiss "upon receiving notification of the case assignment in this Court and an updated hearing schedule for the pending motions to dismiss."  (ECF No. 34-2, Cullen Declaration, ¶ 3(d) ("Cullen Decl.").)  He explains that after the case was transferred on September 20, 2023, he monitored his email inbox for CM/ECF notifications but did not receive a notification of case assignment.  (*Id.* ¶ 4(a).) On November 29, 2023, he received notification of dismissal and discovered the notification of case assignment in his junk email folder.  (*Id.* ¶ 4(a).)  Cullen states that despite searching his inbox and junk mail folder, he never received the order to show cause.  (*Id.* ¶ 4(b).)  Cullen attributes these errors to "unexplained technical issues beyond

---

[2]    Internal citations and quotation marks may be omitted unless otherwise noted.

my or my client's control." (*Id.* ¶ 5(b).) Plaintiff argues that the dismissal should be set aside under Rule 60(b)(4) because "failure of notice" deprived him of due process.

This case does not present the rare instance where the judgement is void for a lack of notice. While Plaintiff's counsel states that he had a problem receiving CM/ECF notifications from this Court, an entry on the Central District docket on September 20, 2023, shows receipt of the electronic case transfer from this District, including the new case number. Accordingly, Plaintiff was on notice that the case was transferred and was able to access this District's docket. Further, Plaintiff was on notice by the order issued on August 3, 2023, to file his opposition briefs or an amended complaint no later than September 22, 2023. Plaintiff did not request an extension of this date. It was therefore unreasonable for Plaintiff to wait and do nothing for more than two months past the due date.

Moreover, that Plaintiff may have had technical issues in receiving CM/ECF notifications is not a violation of Plaintiff's due process rights. Each docket entry was electronically sent to the email address Plaintiff had registered in the system. Service is effectuated by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E). This District's Electronic Case Filing Administrative Policies and Procedures Manual ("ECF Manual") requires that "[a] filing party must maintain an electronic mailbox of sufficient capacity, with the appropriate e-mail permissions, to receive electronic notice of case-related transmissions." *See* ECF Manual § 1(f); *see also* Civ. L.R. 5.4(f). The Court's actions were "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action," *Mullane,* 339 U.S. at 314, and it was Plaintiff's responsibility to enable receipt of notifications, or alternatively, consult the docket directly if necessary. Accordingly, Plaintiff's request for relief under Rule 60(b)(4) is denied. *See Jones,* 547 U.S. at 225 ("[D]ue process does not require actual notice[.]").

/ / / / /

B.    Rule 60(b)(1)

Under Rule 60(b)(1), a judgment may be set aside for "mistake, inadvertence, surprise, or excusable neglect." Plaintiff's motion is based on excusable neglect.[3]  The determination of what conduct constitutes excusable neglect "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd*., 507 U.S. 380, 395 (1993).  "[T]he determination … depends on at least four factors," including, but not limited to, "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv*., 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

Plaintiff found out his case was dismissed on November 29, 2023, and filed the pending Rule 60(b) motion 364 days later, on November 27, 2024.  Rule 60(c) sets the time for filing a Rule 60(b) motion:

> A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).  Plaintiff argues that delay is reasonable because he filed no more than a year after dismissal.  (ECF No. 34-1 at 3.)

While one year provides the outside limit, a motion made on the last possible day is not presumptively filed within a reasonable time.  *See Meadows v. Dominican Republic,* 817 F.2d 517, 820-21 (9th Cir. 1987) (noting that while the motion was filed within the one-year limit, it was not filed within a reasonable time).  "What constitutes 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier

---

[3]    In his declaration, Plaintiff's attorney also mentions inadvertence and surprise (Cullen Decl. ¶ 5(b)); however, these reasons are not argued in the motion.

of the grounds relied upon, and prejudice to the other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir.1981). Plaintiff learned on or about September 20, 2023, that the case was transferred to this District. (*See* Cullen Decl. ¶ 4(a).) He does not deny that he knew that the due date to oppose motions to dismiss was September 22, 2023, as the order setting the due date was issued prior to transfer. Nevertheless, Plaintiff did nothing even when he received notice of dismissal on November 29, 2023, (*see id.* ¶ 4(d)) and waited to file the pending motion on November 27, 2024. (*See* ECF Nos. 31-34.)

Plaintiff explains that technical difficulties with receiving ECF notifications caused inaction prior to November 29, 2023 (*see* Cullen Decl. ¶ 4), and attempts to excuse his subsequent, 364-day-long period of inactivity, with reference to "Plaintiff's Counsel's busy trial schedule" (ECF No. 34-1 at 3). Plaintiff's superficial explanation is insufficient to show that he filed the motion within reasonable time. *See Pioneer*, 507 U.S. at 398 (giving "little weight to the fact that counsel was experiencing upheaval in his law practice."); *see also Selph v. Council of the City of Los Angeles*, 593 F.2d 881, 884 (9th Cir. 1979), *overruled on other grounds by Andrade v. Att'y Gen. of State of California*, 270 F.3d 743 (9th Cir. 2001) ("The term excusable neglect is not meant to cover the usual excuses that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case."). The extended period of inactivity seems particularly unreasonable as Plaintiff claims that many of the claims may be time-barred. Accordingly, the length of delay and the reasons for the delay weigh heavily against granting Plaintiff relief under Rule 60(b)(1).

Additionally, Plaintiff has not shown good faith. "There must be some obedience to the rules of court; and some respect shown to the convenience and rights of other counsel, litigants, and the court itself." *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962). While Plaintiff's actions do not indicate maliciousness or gamesmanship, Plaintiff's failure to acknowledge his culpability in allowing the case to be dismissed and his 364-day long delay in his attempt to vacate dismissal show a disregard for the rules of procedure, court orders, and the rights of other litigants in the case.

Finally, danger of prejudice to the adverse party requires a showing that setting aside an order or judgment will result in greater harm than simply delaying resolution of the case. It must impair the defendant's ability to defend against plaintiff's claim. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Defendants argue that as a result of the delay, "it is a near certainty that each party's witnesses will have worse recall of the factual events relevant to Plaintiffs' legal claims, creating greater potential for inaccurate testimony." (ECF No. 40-1 at 14.) Defendants have had to wait a year before Plaintiff moved to set aside the dismissal, resulting in a delay of almost five years after the events giving rise to the Complaint. (*See* ECF No. 1-1 at 3 (events giving rise to the complaint occurred in March 2020).) This delay is sufficient to show prejudice to Defendants. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (*as amended*) (presuming from elapsed time that a party's ability to prosecute or defend a case has been prejudiced).

As all four *Pioneer* factors weigh against Plaintiff, Plaintiff's request for relief under Rule 60(b)(1) is denied.

**III.    Conclusion**

For the foregoing reasons, Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 14, 2025

Hon. M. James Lorenz
United States District Judge

3:23-cv-01737-L-KSC